# United States District Court
for the
### District of Utah



UNITED STATES OF AMERICA

v.

**Altalibi, et al**

Case No: 2:22cr00295 TS

## ARREST WARRANT

To:　The United States Marshal
　　　and any authorized law enforcement officer

YOU ARE HEREBY COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay (name of person to be arrested)　**ROBLE ABDINOOR**,
who is accused of an offense or violation based on the following document filed with the court:

[X] Indictment　　[ ] Superseding Indictment　　[ ] Information　　[ ] Superseding Information
[ ] Complaint　　[ ] Order of court　　[ ] Violation Notice　　[ ] Probation Violation Petition
[ ] Supervised Release Violation Petition

This offense is briefly described as follows:

Conspiracy to Distribute 3,4-Methylenedioxypyrovalerone (MDPV), aPyrrolidinopentiophenone ( a-PVP), and a-Pyrrolidinohexiophenone ( a-PHP); Conspiracy to Commit Money Laundering; Possession of a-Pyrrolidinohexiophenone (a-PHP) with Intent to Distribute

in violation of　　21:841(a)(1) and 846, 18:1956(h)　　　　　　　　　　　　　　　　United States Code.

---

Gary Serdar
Name of Issuing Officer

*Amy Faust*
Signature of Issuing Officer

By:　Amy Faust
　　　Deputy Clerk

Clerk of Court
Title of Issuing Officer

August 17, 2022 at Salt Lake City, Utah
Date and Location

Bail fixed _____ by _____
　　　　　　　　　　　　　　　　　　　　　Name of Judicial Officer

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

FILED US District Court-UT
AUG 17 '22 PM02:04

TRINA A. HIGGINS, United States Attorney (#7349)
SETH NIELSEN, Special Assistant United States Attorney (#13823)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

SEALED

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | INDICTMENT |
|---|---|
| Plaintiff, | Count 1: 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute 3,4-Methylenedioxypyrovalerone (MDPV), α-Pyrrolidinopentiophenone (α-PVP), and α-Pyrrolidinohexiophenone (α-PHP) (All Defendants); |
| vs. | |
| JAAFAR ALTALIBI, MOUNTAZAR ALTALIBI, HAYDAR ALTALIBI, DAVID LOVATO, ALLEN JERVIS, HANNAH TAYLOR, SAMANTHA BARBER, a/k/a Samantha Olsen, ROBLE ABDINOOR, FARIS MUSA, HUSSEIN ALSALEMI, SMOKERS HAVEN J, LLC, and LAKE CITY AUTO SALES, LLC, Defendants. | Count 2: 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering (All Defendants); Count 3: 21 U.S.C. §§ 841(a)(1) and 846, Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute (Mountazar Altalibi); Count 4: 21 U.S.C. § 841(a)(1) and 846, Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute (Jaafar Altalibi and Taylor); Count 5: 21 U.S.C. § 841(a)(1) and 846, Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute (Jaafar Altalibi and Taylor); Count 6: 21 U.S.C. § 841(a)(1), Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute (Jaafar Altalibi); Count 7: 21 U.S.C. § 841(a)(1) and 846, Distribution of α-Pyrrolidinohexiophenone (α-PHP) (Mountazar Altalibi); Count 8: 21 U.S.C. § 841(a)(1), Distribution of α-Pyrrolidinohexiophenone (α-PHP) (Jaafar Altalibi and Jervis); |

Case: 2:22-cr-00295
Assigned To : Stewart, Ted
Assign. Date : 8/16/2022

| |
|---|
| Count 9: 21 U.S.C. § 841(a)(1), Distribution of α-Pyrrolidinohexiophenone (α-PHP) (Mountazar Altalibi); |
| Count 10: 21 U.S.C. § 841(a)(1), Distribution of α-Pyrrolidinohexiophenone (α-PHP) (Mountazar Altalibi); |
| Count 11: 21 U.S.C. § 841(a)(1), Possession of α-Pyrrolidinohexiophenone (α-PHP) (Mountazar Altalibi); |
| Count 12: 21 U.S.C. § 841(a)(1), Possession of α-Pyrrolidinohexiophenone (α-PHP) (Mountazar Altalibi and Roble Abdinoor) |

The Grand Jury charges:

## COUNT I
### 21 U.S.C. §§ 841(a)(1) and 846
(Conspiracy to Distribute 3,4-Methylenedioxypyrovalerone (MDPV), α-Pyrrolidinopentiophenone (α-PVP), and α-Pyrrolidinohexiophenone (α-PHP))

Beginning at a date unknown, but not later than November 2011, and continuing through at least August 17, 2022, within the District of Utah and elsewhere,

JAAFAR ALTALIBI,
MOUNTAZAR ALTALIBI,
HAYDAR ALTALIBI,
DAVID LOVATO,
ALLEN JERVIS,
HANNAH TAYLOR,
SAMANTHA BARBER, a/k/a Samantha Olsen,
ROBLE ABDINOOR,
FARIS MUSA,
HUSSEIN ALSALEMI,
SMOKERS HAVEN J, LLC, and
LAKE CITY AUTO SALES, LLC,

2

defendants herein, did knowingly and intentionally conspire with others known and unknown to distribute 3,4-Methylenedioxypyrovalerone (MDPV), α-Pyrrolidinopentiophenone (α-PVP), and α-Pyrrolidinohexiophenone (α-PHP), all Schedule I controlled substances within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT II
18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

Beginning on a date unknown to the Grand Jury, but not later than November 2011, and continuing through at least August 17, 2022, within the District of Utah and elsewhere,

JAAFAR ALTALIBI,
MOUNTAZAR ALTALIBI,
HAYDAR ALTALIBI,
DAVID LOVATO,
ALLEN JERVIS,
HANNAH TAYLOR,
SAMANTHA BARBER, a/k/a Samantha Olsen,
ROBLE ABDINOOR,
FARIS MUSA,
HUSSEIN ALSALEMI,
SMOKERS HAVEN J, LLC, and
LAKE CITY AUTO SALES, LLC,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to commit the following offenses against the United States of America in violation of Title 18, United States Code, Section 1956:

(a) to knowingly conduct and attempt to conduct financial transactions, such as the purchase and sale of controlled substances; bank deposits, withdrawals, and

3

transfers; wire transfers; the purchase of properties, inventory, vehicles and jewelry; purchase and use of cryptocurrency; and PayPal transactions, all affecting interstate commerce, which involved the proceeds of specified unlawful activity, specifically,

    i.    the illegal buying, selling, and dealing in controlled substances as detailed in COUNT I above, in violation of Title 21, United States Code, Section 841(a)(1) and 846;

with the intent to promote the carrying on of specified unlawful activity, outlined in (i) above, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(A)(i); and

(b)    to knowingly conduct and attempt to conduct financial transactions, such as the purchase and sale of controlled substances; bank deposits, withdrawals, and transfers; wire transfers; the purchase of properties, inventory, vehicles and jewelry; purchase and use of cryptocurrency; and PayPal transactions, all affecting interstate commerce, which involved the proceeds of specified unlawful activity, specifically,

    i.    the illegal buying, selling, and dealing in controlled substances as detailed in COUNT I above, in violation of Title 21, United States Code, Section 841(a)(1) and 846;

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i); and

(c) to knowingly engage in a monetary transaction involving funds that were the proceeds of criminally derived property in excess of $10,000, and were derived from a specified unlawful activity, specifically,

    i. the illegal buying, selling, and dealing in controlled substances as detailed in COUNT I above, in violation of Title 21, United States Code, Section 841(a)(1) and 846;

all of which was done in violation of 18 U.S.C. § 1956(h); and punishable pursuant to 18 U.S.C. § 1956(a)(1).

### COUNT III
### 21 U.S.C. § 841(a)(1) and 846
(Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about May 22, 2020, in the District of Utah,

MOUNTAZAR ALTALIBI,

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT IV
**21 U.S.C. § 841(a)(1) and 846**
(Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about July 21, 2020, in the District of Utah,

JAAFAR ALTALIBI, and
HANNAH TAYLOR,

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT V
**21 U.S.C. § 841(a)(1) and 846**
(Attempted Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about October 26, 2020, in the District of Utah,

JAAFAR ALTALIBI, and
HANNAH TAYLOR,

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT VI
**21 U.S.C. § 841(a)(1)**
(Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about December 18, 2020, in the District of Utah,

JAAFAR ALTALIBI,

defendant herein, did knowingly and intentionally possess with intent to distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT VII
**21 U.S.C. § 841(a)(1) and 846**
(Distribution of α-Pyrrolidinohexiophenone (α-PHP))

On or about November 10, 2021, in the District of Utah,

MOUNTAZAR ALTALIBI,

defendant herein, did knowingly and intentionally distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT VIII
**21 U.S.C. § 841(a)(1)**
(Distribution of α-Pyrrolidinohexiophenone (α-PHP))

On or about April 14, 2022, in the District of Utah,

JAAFAR ALTALIBI, and
ALLEN JERVIS,

defendants herein, did knowingly and intentionally distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT IX
### 21 U.S.C. § 841(a)(1)
(Distribution of α-Pyrrolidinohexiophenone (α-PHP))

On or about April 26, 2022, in the District of Utah,

MOUNTAZAR ALTALIBI,

defendant herein, did knowingly and intentionally distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT X
### 21 U.S.C. § 841(a)(1)
(Distribution of α-Pyrrolidinohexiophenone (α-PHP))

On or about June 6, 2022, in the District of Utah,

MOUNTAZAR ALTALIBI, and
FARIS MUSA,

defendants herein, did knowingly and intentionally distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT XI
### 21 U.S.C. § 841(a)(1)
(Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about June 27, 2022, in the District of Utah,

MOUNTAZAR ALTALIBI, and
FARIS MUSA,

defendants herein, did knowingly and intentionally possess with intent to distribute α-

Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT XII
### 21 U.S.C. § 841(a)(1)
(Possession of α-Pyrrolidinohexiophenone (α-PHP) with Intent to Distribute)

On or about July 21, 2022, in the District of Utah,

MOUNTAZAR ALTALIBI, and
ROBLE ABDINOOR,

defendants herein, did knowingly and intentionally possess with intent to distribute α-Pyrrolidinohexiophenone (α-PHP), a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. § 841, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendants shall forfeit to the United States of America any

property, real or personal, involved in such violations, and any property traceable to such property.

The property to be forfeited is detailed in, but is not limited to, that listed in ATTACHMENT 1, which is attached to and incorporated herein by reference.

### GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE

The Grand Jury finds probable cause to believe that:

1) Defendants have committed the crimes specified in the above forfeiture notice;

2) The property listed in ATTACHMENT 1 constituted or is derived from proceeds traceable to the intent to distribute a controlled substance, or is involved in money laundering or is property traceable to property involved in money laundering, and;

3) In the event of the defendants' convictions such property in ATTACHMENT 1 would be subject to forfeiture:

A TRUE BILL:

███████████████

FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
SETH NIELSEN
Special Assistant United States Attorney